UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID KOSCELSKI,

                Plaintiff,

v.                                     1:18-CV-1480
                                          (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     CORINNE MANFREDI, ESQ.
  Counsel for Plaintiff                          KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               BLAKELY PRYOR, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   DENNIS CANNING, ESQ.
  Counsel for Defendant                        JOSHUA KERSHNER, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 14.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted in part, to the extent it seeks remand for further proceedings, and denied in part, and the Commissioner's motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1958. (T. 98.) He has a four-year college degree. (T. 208.) Generally, Plaintiff's alleged disability consists of diabetes, cataracts, hearing loss, torn labrum in right shoulder, vertigo, "back surgery," depression, high cholesterol, and high blood pressure. (T. 207.) His alleged disability onset date is April 22, 2014. (T. 98.) Plaintiff's past relevant work consists of administrative clerk. (T. 19, 208.)

### B. Procedural History

On April 22, 2015, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 98.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On October 10, 2017, Plaintiff appeared before the ALJ, Timothy M. McGuan. (T. 63-97.) On January 8, 2018, ALJ McGuan issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 7-24.) On October 24, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-19.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 22, 2015. (T. 12.) Second, the ALJ found Plaintiff had the severe impairments of: diabetes mellitus with polyneuropathy, hearing loss, and vertigo. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or

medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 14.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b); except Plaintiff:

> must be allowed to alternate between sitting and standing at his work station after a period of one hour; can occasionally do all postural activities as defined in the regulations; must avoid noise greater than is found in an office environment; and must avoid dangerous machinery and unprotected heights.

(*Id*.)[1] Fifth, the ALJ determined Plaintiff was capable of performing his past relevant work as an administrative clerk. (T. 19.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ's RFC failed to reflect limitations contained in medical opinions he afforded great weight. (Dkt. No. 9 at 11-15.) Second, and lastly, Plaintiff argues the ALJ failed at step four to properly evaluate whether Plaintiff is capable of performing his past relevant work. (*Id*. at 15-20.) Plaintiff also filed a reply in which he reiterated his original arguments. (Dkt. No. 13.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ properly weighed the medical opinions of the record. (Dkt. No. 12 at 16-22.) Second,

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

and lastly, Defendant argues the ALJ properly relied upon vocational expert testimony to determine that Plaintiff could perform his past relevant work as an administrative clerk. (*Id*. at 22-25.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

4

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

5

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. RFC Determination

The RFC is an assessment of "the most [Plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

In formulating Plaintiff's RFC, the ALJ relied on the record as a whole, including various medical source opinions. The ALJ afforded "great weight" to Plaintiff's treating source, Timothy McDaniel, M.D. (T. 18.) Dr. McDaniel opined Plaintiff was "moderately limited" in his ability to: walk, stand, lift, carry, push, pull, bend, and climb. (T. 363.) Dr. McDaniel opined Plaintiff could perform activities that do not require prolonged activities on his feet. (*Id*.) He opined Plaintiff had no limitations in his ability to see, speak, hear, see, or use his hands. (*Id*.) Another care provider, Maritza Baez, M.D., opined Plaintiff was "moderately limited" in his ability to: walk, stand, lift, carry, and climb. (T. 504.) She opined Plaintiff had no limitations in his ability to speak, hear, see, or use his hands. (*Id*.) She opined Plaintiff could not stand for longer than one hour at a time. (*Id*.) The ALJ afforded Dr. Baez's opinion "great weight." (T. 18.) Lastly, the ALJ afforded "great weight" to the opinion of consultative examiner, Hongbiao Liu, M.D. (*Id*.)

6

Dr. Liu opined Plaintiff had "moderate limitation for lifting, carrying, overhead reaching." (T. 353.) He further opined Plaintiff had "mild to moderate" limitations for "prolonged walking, bending, kneeling." (*Id.*) Dr. Liu opined Plaintiff had "mild limitation for auditory hearing impairment" and noted Plaintiff could keep normal conversation with raising his voice. (*Id.*) The ALJ determined the above opinions, together with other objective evidence and clinical examinations, supported an RFC for light work. (T. 18.)

Plaintiff argues that "[d]espite assigning the opinions of Dr. McDanile, Dr. Baez, and Dr. Liu great weight, the ALJ selectively picked and chose aspects of the opinion in which to adopt when compiling Plaintiff's RFC." (Dkt. No. 14.) Plaintiff asserts the ALJ's RFC determination for light work failed to account for Plaintiff's exertional limitations in his ability to lift, carry, or walk. (*Id.*) However, Plaintiff fails to cite any authority to support his argument or demonstrate how the RFC is inconsistent with the opinions. *See Lefort v. Comm'r of Soc. Sec.*, No. 18-CV-00510, 2019 WL 3886623, at *4 (W.D.N.Y. Aug. 19, 2019) ("[P]laintiff fails to demonstrate how the assessed RFC [for light work] is not fully consistent with Dr. Siddiqui's opinion as to mild-to-moderate limitations."). In addition, Plaintiff fails to provide any other medical evidence in the record to support greater limitations than provided for by the RFC. Plaintiff essentially asks this court to reweigh the evidence; however, the deferential standard of review prevents this court from reweighing evidence. *Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016).

Light work requires a "good deal of walking or standing." 20 C.F.R. § 416.967(b). "[T]he full range of light work requires standing or walking, off and on, for a

total of approximately 6 hours of an 8-hour workday [and] [s]itting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6.

The opinions of Drs. McDaniel, Baez, and Liu, containing moderate exertional limitations, are not inherently inconsistent with the demands of light work. Courts have frequently found that moderate limitations in exertional demands are consistent with an RFC for light work. *See Grega v. Berryhill*, No. 17-CV-6596, 2019 WL 2610793, at *10 (W.D.N.Y. June 26, 2019) (light work not inconsistent with moderate exertional limitations); *see Burch v. Comm'r of Soc. Sec.*, No. 17-CV-1252, 2019 WL 922912, at *4 (W.D.N.Y. Feb. 26, 2019) (RFC for light work supported by moderate limitations for exertional activities and other substantial evidence in the record); *see Gurney v. Colvin*, No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016); *see Harrington v. Colvin*, No. 14-CV-6044P, 2015 WL 790756, at *14 (W.D.N.Y. Feb. 25, 2015) (gathering cases); *Revi v. Comm'r of Soc. Sec.,* 16-CV-8521, 2018 WL 1136997 at *30 (S.D.N.Y. Jan. 30, 2018), *report and recommendation adopted*, 2018 WL 1135400 (S.D.N.Y. Feb. 28, 2018) (ALJ's RFC finding of light work was consistent with consulting examiner's opinion that "plaintiff had only moderate lifting and carrying limitations"); *see Harris v. Comm'r of Soc. Sec.*, No. 09-CV-1112, 2011 WL 3652286, at *5 (N.D.N.Y. July 27, 2011), *report and recommendation adopted*, 2011 WL 3652201 (N.D.N.Y. Aug. 17, 2011) (finding "slight to moderate limitations in activities that require lifting, carrying, and reaching ... consistent with the ALJ's conclusion that Plaintiff could perform light work").

Contrary to Plaintiff's assertion, the ALJ did not cherry pick the medical opinion evidence. The ALJ assessed Plaintiff's RFC based on the medical opinion evidence outline herein and other objective evidence in the record. The ALJ determined the

medical evidence supported an RFC for light work and Plaintiff fails to provide any medical evidence in the record to support greater limitations. Therefore, the ALJ's RFC determination was proper and supported by substantial evidence in the record.

### B. Step Four Determination

At step four, the ALJ "compare[s] [the] residual functional capacity assessment ... with the physical and mental demands of [the plaintiff's] past relevant work." 20 C.F.R. § 416.920(f). "Past relevant work" is "work that [plaintiff has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [plaintiff] to learn to do it." *Id*. § 416.960(b)(1). If, based on that comparison, plaintiff is able to perform his past relevant work, the ALJ will find that the plaintiff is not disabled within the meaning of the Act. *Id*. § 416.920(f).

Plaintiff has the burden to show an inability to return to his previous specific job and an inability to perform his past relevant work generally. *See Jock v. Harris,* 651 F.2d 133, 135 (2d Cir.1981); *see also* SSR 82-62, 1982 WL 31386, at *3 (Past relevant work in the fourth stage of the inquiry includes "the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy."). This inquiry requires separate evaluations of the previous specific job and the job as it is generally performed. *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003).

Here, the ALJ determined Plaintiff could perform his past relevant work as an administrative clerk as actually and generally performed. (T. 19); DOT 219.362-010. At the hearing a vocational expert ("VE") testified that Plaintiff's past relevant work consistent of administrative clerk. (T. 84.) The ALJ presented the VE with a hypothetical based on Plaintiff's vocational factors and RFC. (T. 85-86.) The VE

9

testified such person could perform Plaintiff's past relevant work as actually and generally performed. (T. 86.)

Here, remand is necessary to resolve a conflict between the RFC and the demands of administrative clerk as defined in the Dictionary of Occupational Titles ("DOT"). The RFC finding specifically limited Plaintiff to light work with occasional postural activities "as defined in the regulations." (T. 14.) Postural limitations are defined as reaching, handling, stooping, climbing, crawling, and crouching. 20 C.F.R. § 416.969a. According to the DOT, the occupation of administrative clerk does not require climbing, balancing, stooping, kneeling, crouching or crawling. DOT 219.362-010. However, the occupation does require frequent reaching. *Id*. 219.362-010. Reaching is broadly defined as extending arms and hands in any direction. *See* DOT, App. C; SSR 85-15. There is no distinction in the DOT between degrees or direction of reaching, *i.e.*, above the shoulder or above the head and other types of reaching such as forward or downward.

Here, there is an apparent unresolved conflict between the VE's testimony, that Plaintiff could perform the occupation of administrative clerk requiring frequent reaching, and the ALJ's RFC assessment limiting Plaintiff to only occasional reaching. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019) ("Testimony that a claimant with overhead reaching limitations is capable of performing a job that the *Dictionary* describes as requiring 'reaching,' then, creates at least an *apparent* conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony."); *see Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 192 (W.D.N.Y. 2018) (ALJ and VE failed to acknowledge conflict between testimony and

DOT and no attempt was made to resolve the conflict). Therefore, remand is necessary to resolve the apparent conflict between the VE testimony and the occupation as defined in the DOT.

Further, the apparent conflict was not resolved at the hearing. It also important to note that the ALJ did not ask the "catch-all" question if any inconsistencies existed between the expert's testimony and the DOT. (T. 84-88); *see Lockwood,* 914 F.3d at 94 ("Allowing the Commissioner to fulfill this obligation through 'catch-all question[s]' like the one the ALJ posed during Lockwood's hearing would essentially shunt the Commissioner's 'duty to identify, explain and resolve' apparent conflicts onto the testifying expert.").

Because an apparent conflict exits between the VE's testimony that Plaintiff could perform all the functions of the identified positions and the DOT's characteristics of these positions, and the ALJ did not ask for an explanation of the conflict, remand is necessary. Relying on a VE's testimony that is inconsistent with a plaintiff's actual capabilities cannot serve as substantial evidence to support the ALJ's step five finding. Accordingly, the matter must be remanded so the ALJ can determine whether Plaintiff is capable of performing employment positions existing in the national economy with her specific RFC, including her over-the-shoulder reaching limitation.

Plaintiff also argues the ALJ failed to consider Plaintiff's use of a cane and hearing difficulties in his step four determination that Plaintiff could return to his past relevant work. (Dkt. No. 9 at 16-18.) As outlined above, the ALJ's RFC determination, which did not account for a cane or additional hearing limitations beyond the limitation to office environment noise level, was proper and supported by substantial evidence.

**ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED in part and DENIED in part**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED in part and DENIED in part**; and it is further

    **ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:    December 30, 2019

                                                      William B. Mitchell Carter
                                                    U.S. Magistrate Judge